## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                            Case No. 13-44202

GLW EQUIPMENT LEASING, LLC,                                       Chapter 11

      Debtor.

## NOTICE OF HEARING AND MOTION FOR AUTHORITY TO SELL CERTAIN TRACTOR TRUCKS AND TRACTOR TRAILERS, FREE AND CLEAR OF INTERESTS

TO:    Entities Specified in Local Rule 9013-3 and Fed. R. Bank. P. 9014.

1.    GLW Equipment Leasing, LLC ("GLW"), by and through its undersigned counsel, moves the Court for the relief requested below and gives notice of hearing ("Motion").

2.    The Court will hold a hearing on this motion at **2:30 p.m. on November 26, 2013**, before the Honorable Michael E. Ridgway, Courtroom 7 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415 (the "Sale Hearing").

3.    Any response to this motion must be filed and served not later than **November 21, 2013**, which is five (5) days before the time set for the Sale Hearing (including Saturdays, Sundays, and holidays). **Unless a response opposing the motion is timely filed, the Court may grant the relief requested in the motion without a hearing.**

4.    This Court has jurisdiction over this motion under 28. U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding.

5.    This motion arises under 11 U.S.C. § 363 and Bankruptcy Rule 6004. This motion is filed under Bankruptcy Rules 9014 and 2002 and Local Rule 9013. GLW requests that this

{00166815 }

Court enter an order the sale of the Parked Equipment, as defined herein, free and clear of interests, outside the ordinary course of business.

<u>BACKGROUND</u>

1.      Western Star Transportation, LLC ("WST") is a Minnesota-based transportation company formed in 1994 that provides refrigerated LTL trucking services throughout the United States. Western Refrigerated LTL Services, L.L.C. ("WRS") is a Minnesota limited liability company formed in May 2009 and an affiliate WST and GLW.

2.      GLW was formed in August, 2013 to own and manage a truck and trailer equipment lease portfolio. GLW leases tractor trucks and trailers exclusively to WRS, which licenses and then subleases the trucks and trailers exclusively to WST. These leases and subleases to which the GLW, WRS, and WST are parties are collectively hereafter referred to as the "Equipment Leases."

3.      GLW filed its chapter 11 petition on August 27, 2013. On October 15, 2013 WST and WRS each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. GLWs continue in the management and possession of their businesses and assets as debtors-in-possession.

4.      WST and WRS surrendered the Parked Equipment to GLW prior to the WST and WRS petition dates.

<u>THE PROPOSED SALE</u>

5.      GLW requests an order authorizing the sale of forty one (41) tractor trucks and forty six (46) tractor trailers, as identified in the Equipment Purchase Agreements attached hereto as **<u>Exhibit A</u>** (the "Parked Equipment"), free and clear of interests. Sale of the Parked Equipment is outside the GLW's ordinary course of business. GLW seeks authorization to sell the Parked

Equipment outside the ordinary course and free and clear of liens under 11 U.S.C. § 363(b) and (f).

6.      The Parked Equipment is subject to liens of Caterpillar Financial Services Corporation ("CAT"); Paccar; Volvo Financial Services ("Volvo"); Wells Fargo Equipment Finance, Inc. ("Wells Fargo"); and Crossroads Equipment Lease & Finance, LLC ("Crossroads") (collectively the "Lenders"). Obligations owing the Lenders by GLW are secured by first priority liens in specific Parked Equipment as identified in **Exhibit A**. Each of the Lenders claims related to each piece of the Parked Equipment is over secured.

7.      Sale of the Parked Equipment is necessary for a successful reorganization of GLW (and WRS and WST). The Parked Equipment is no longer utilized in WST's trucking operations and GLW has no ability to re-lease the Parked Equipment.

8.      GLW has offered the Parked Equipment for sale to various third parties and has obtained the best prices available under the circumstances. The terms and prices of the Sale are described in **Exhibit A**.

9.      The buyers of the Parked Equipment pursuant to the Equipment Purchase Agreements are unrelated to the GLW and the parties negotiated the purchase prices at arm's length,  without collusion, and with no intent to hinder, defraud, or delay creditors.

10.      The attachment of the Lenders' liens to the proceeds of the Sale will adequately protect the Lenders' interest in the Parked Equipment. GLW will pay proceeds of sale to the Lenders with liens in the sold equipment at closing of the sale. GLW reserves its rights to seek a determination of the appropriate application of sale proceeds to debt in connection with GLW claim reconciliation process.

11.     For reasons set forth in this motion, the GLW have determined that the Sale of the

Parked Equipment on the terms set forth in Exhibit A is in the best interest of the estate.

12.     If necessary, GLW will call Warren Cadwallader, the President of GLW, Kelly

Cadwallader, the President of WRS, Lee Cadwallader, the President of WST and Richard

Gallagher, the financial advisor to WST, as witnesses in connection with this Motion.

**WHEREFORE**, GLW respectfully requests that this Court enter an order authorizing

the sale of the Property for the prices set out on **Exhibit A** to the Motion and in accordance with

the terms of sale contained therein, free and clear of interests, and authorizing the proceeds of

the Sale to be paid to the Lender with a lien in the sold Parked Equipment, and granting such

further relief as the Court deems just and proper.


Dated: November 6, 2013                 RAVICH MEYER KIRKMAN McGRATH
                                        NAUMAN & TANSEY,
                                        A PROFESSIONAL ASSOCIATION

                                        By /e/ Michael F. McGrath #168610
                                            Will R. Tansey #323056
                                            Michael D. Howard #391164

                                        4545 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN 55402
                                        Telephone:     (612) 332-8511
                                        Facsimile:     (612) 332-8302

                                        ATTORNEYS FOR DEBTOR

## VERIFICATION

I, Warren D. Cadwallader, President of GLW Equipment Leasing, LLC, declare under penalty of perjury that the facts set forth in the foregoing Notice of Hearing and Motion for Authority to Sell Certain Tractor Trucks and Tractor Trailers, Free and Clear of Interests., are true and correct according to the best of my knowledge, information and belief.

Executed on: November 6, 2013

Warren D. Cadwallader

{00166815 }

# EXHIBIT A

### EQUIPMENT PURCHASE AGREEMENT

THIS AGREEMENT is made and entered into as of the 5th day of November, 2013 by and between GLW Equipment Leasing, LLC, a Minnesota limited liability company ("Seller"), and Utility Trailer Sales of Dallas, a Limited liability Company ("Buyer").

### W I T N E S S E T H :

WHEREAS, Seller desires to sell to Buyer, and Buyer desires to purchase from Seller, those certain items of equipment (the "Equipment") listed and described in **Exhibit A** attached hereto and hereby made a part hereof (the "Equipment Schedule");

WHEREAS, Seller is operating as a debtor in possession in chapter 11 proceedings pending in the United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court"), Case No. 13-45024 and will promptly seek Bankruptcy Court authorization to enter into and promptly close the sale of Equipment as provided herein;

WHEREAS, Buyer has inspected some but not all of the Equipment and shall continue to conduct Equipment inspections to be concluded on or before November 20, 2013;

NOW, THEREFORE, pursuant to the foregoing recital, which is an integral part hereof, and in consideration of the mutual covenants contained herein, the sufficiency of which is hereby acknowledged, Buyer and Seller (the "Parties") hereby agree as follows.

1.   **PURCHASE AND SALE.** Subject to the terms and upon the conditions contained in this Agreement, Seller will sell the Equipment to Buyer, and Buyer will purchase the Equipment from Seller.

2.   **PURCHASE PRICE.**

    a.   The purchase price as and for each unit of Equipment hereunder is as set forth in the Equipment Schedule (the "Purchase Price").

    b.   Buyer will pay the Purchase Price to Seller in cash or other immediately available funds at the Closing (as that term is defined below).

    c.   For any and all purposes, the Purchase Price will be allocated among the Equipment in the manner shown in the Equipment Schedule.

3.   **INSPECTION CONTINGENCY.** On or before November 20, 2013, Buyer may, in its sole and absolute discretion, withdraw its offer to purchase some or all of the Equipment. Seller shall make Equipment available to Buyer for inspection during normal business hours through November 20, 2013. On or before November 20, 2013, Buyer shall designate by written notice to Seller any Equipment to be removed from the Equipment Schedule.

4.   **CLOSING.**

    a.   The closing (the "Closing") of the purchase and sale of the Equipment hereunder will occur thirty (30) days after the date of this Agreement (the "Closing Date"). Except as Buyer and Seller may otherwise agree in writing, the Closing will be performed via electronic mail, electronic funds transfer, facsimile, and/or overnight courier. Notwithstanding the actual date(s) on which documents required for the Closing are signed and exchanged, or the time(s) of day on such date(s), the effective time of the Closing will be 12:01 a.m. local time in Minneapolis, Minnesota, on the Closing Date.

{00167283 }

b.  This Agreement is subject to and shall become effective only upon entry of an by the Bankruptcy Court authorizing the sale of the Equipment to Buyer, free and clear of interests pursuant to 11 U.S.C. § 363(f) (the "Sale Order"). If the Sale Order is not entered before the Closing Date, the Closing will occur as soon as possible after the Sale Order is entered, with a target date for the Closing no later than November 30, 2013 (the "Outside Closing Date"). If the Closing has not occurred by the Outside Closing Date, this Agreement will terminate and each of Buyer and Seller will be responsible for its own pre-termination costs.

c.  At the Closing, Seller will deliver to Buyer (i) possession of all of the Equipment, (ii) a Bill of Sale concerning the Equipment, which Bill of Sale will be in the form of **Schedule 4(c)** attached hereto and hereby made a part hereof, and (iii) any and all available certificates of title for the Equipment, properly endorsed for transfer.

5.  **AS-IS, WHERE IS CONDITON**. Seller is selling the Equipment to Buyer, and Buyer is purchasing the "Equipment" from Seller on an "as-is", "where is", "with all faults" basis, and Seller is not making, and hereby disclaims, any representations or warranties whatsoever relating to the Equipment, including, without limitation, any representation or warranty regarding the condition of the Equipment, the functionality or usability of the Equipment, title to the Equipment, or the value of the Equipment.

6.  **TRANSACTION COSTS**.  Each of the Parties will bear and pay those costs and expenses incurred by it or on its behalf in connection with the transactions described herein, including, without limitation, attorneys' and accountants' fees, without contribution from the other Party.

7.  **NOTICES**.  All notices, offers, requests or other communications from any of the Parties to another Party will be in writing and will be considered to have been duly delivered or served if personally delivered, delivered by overnight courier, or sent by first class certified mail, return receipt requested, postage prepaid, to the proper Party at its address as set forth below or to such other address as such Party may hereafter designate by written notice to the other Parties:

If to Seller, to:

GLW Equipment Leasing, LLC
10078 Landers Court NE, Suite 130
Blaine, MN 55449
Attn:  Warren Cadwallader

With a copy to:

Ravich Meyer Kirkman McGrath Nauman & Tansey, P.A.
Attn: Michael F. McGrath, Esq.
4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

If to Buyer, to:

Utility Trailer Sales of Southern California, LLC
15567 Valley Blvd
Fontana, Ca 92335
Attn: Ralph Thresher

{00167283 }                                         2

With a copy to:

_____
Attn: _____, Esq.
_____
_____

8.    **NO THIRD PARTY BENEFICIARIES**.  This Agreement is a contract solely between Buyer and Seller.  No third party beneficiaries (including, without limitation, employees and customers of Seller) are intended hereunder and none will be inferred herein.

9.    **BENEFIT**.  This Agreement will inure to the benefit of and will be binding upon each of the Parties and their respective successors and assigns.

10.    **HEADINGS**.  Section headings have been used in this Agreement for convenience purposes only.  In no manner will any section heading in this Agreement limit any term or provision of the section to which it relates.

11.    **WAIVER**.  No waiver, modification or amendment of any term, condition or provision of this Agreement will be valid, binding or of any effect unless made in writing, signed by the Party(ies) to be bound thereby or its(their) duly authorized representative(s) and specifying with particularity the nature and extent of that waiver, modification or amendment.  No waiver by any Party of any provision hereof will affect or impair any other provision hereof.

12.    **ENTIRE AGREEMENT**.  This Agreement (inclusive of the Equipment Schedule) contains the entire understanding of the Parties with respect to the subject matter addressed herein and supersedes all prior agreements, discussions, negotiations and understandings between the Parties with respect to subject matter.

13.    **INTERPRETATION AND SEVERANCE**.  The provisions of this Agreement will be applied and interpreted in a manner consistent with each other so as to carry out the purposes and intent of the Parties.  If, for any reason, any provision of this Agreement is determined to be unenforceable or invalid, that provision (or such part thereof as may be unenforceable or invalid) will be deemed severed from this Agreement, and the remaining provisions of this Agreement will be carried out with the same force and effect as if that provision (or such part thereof) had not been a part of this Agreement.

14.    **COUNTERPARTS**.  This Agreement may be executed in counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument.  This Agreement may be executed and delivered by facsimile or electronic image transmission and any such facsimile or electronic image execution and delivery will have the same force and effect as delivery of an original document with original signatures.

15.    **GOVERNING LAW**.  This Agreement will be construed and enforced in accordance with the laws of the State of Minnesota (without regard to the laws of any jurisdiction that concern conflicts of laws).  Any proceeding relating to the interpretation or enforcement of this Agreement will be brought in state or federal courts located in the State of Minnesota and, in that connection, each of the Parties hereby consents and submits to the jurisdiction of such courts.

**THE REMAINDER OF THIS PAGE IS BLANK**

**SEPARATE SIGNATURE PAGES FOLLOW**

{00167283 }                                       3

**SIGNATURE PAGE TO EQUIPMENT PURCHASE AGREEMENT**

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the day and year first above written.

SELLER:                                                BUYER:

GLW Equipment Leasing, LLC

By: _____          By: _____

    Its _Member_                                   Its _Sales Mgr_

                                         Ralph Threasher

## EXHIBIT A

### THE EQUIPMENT

| Sale Price | Year | Make | Serial | Lender |
|---|---|---|---|---|
| 19,000.00 | 2008 | Wabash | 1JJV532W08L129206 | Cat Fin |
| 19,000.00 | 2008 | Wabash | 1JJV532W48L129208 | Cat Fin |
| 19,000.00 | 2008 | Wabash | 1JJV532W18L129201 | Cat Fin |
| 19,000.00 | 2008 | Wabash | 1JJV532W38L129202 | Cat Fin |
| 29,000.00 | 2009 | Utility | 1UYVS25359U683304 | Cat Fin |
| 29,000.00 | 2009 | Utility | 1UYVS25339U683303 | Cat Fin |
| 19,000.00 | 2008 | Wabash | 1JJV532W58L129216 | Cat Fin |
| 19,000.00 | 2008 | Wabash | 1JJV532W58L129217 | Cat Fin |
| 19,000.00 | 2008 | Wabash | 1JJV532W98L129141 | Cat Fin |
| 29,000.00 | 2009 | Utility | 1UYVS25319U683302 | Cat Fin |
| 29,000.00 | 2009 | Utility | 1UYVS25379U683305 | Cat Fin |
| 29,000.00 | 2009 | Utility | 1UYVS25349U683309 | Cat Fin |
| 29,000.00 | 2009 | Utility | 1UYVS25309U683310 | Cat Fin |
| 19,000.00 | 2008 | Wabash | 1JJV532W88L129213 | Cat Fin |
| 48,000.00 | 2012 | Utility | 1UYVS2536CU309727 | Crossroads |
| 48,000.00 | 2012 | Utility | 1UYVS2538CU309728 | Crossroads |
| 48,000.00 | 2012 | Utility | 1UYVS253XCU309729 | Crossroads |
| 48,000.00 | 2012 | Utility | 1UYVS2536CU309730 | Crossroads |
| 48,000.00 | 2012 | Utility | 1UYVS2530CU298725 | Crossroads |
| 48,000.00 | 2012 | Utility | 1UYVS2532CU298726 | Crossroads |
| 48,000.00 | 2012 | Utility | 1UYVS2538CU298732 | Crossroads |
| 48,000.00 | 2012 | Utility | 1UYVS253XCU298733 | Crossroads |
| 22,000.00 | 2008 | Utility | 1UYVS253X8U446516 | Volvo |
| 22,000.00 | 2008 | Utility | 1UYVS25318U446517 | Volvo |
| 22,000.00 | 2008 | Utility | 1UYVS25338U446518 | Volvo |
| 22,000.00 | 2008 | Utility | 1UYVS25358U446519 | Volvo |
| 22,000.00 | 2008 | Utility | 1UYVS25318U446520 | Volvo |
| 29,000.00 | 2009 | Utility | 1UYVS25389U683412 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS253X9U683413 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25319U683414 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25339U683415 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25339U683401 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25359U683402 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25379U683403 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25399U683404 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25309U683405 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25329U683406 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25349U683407 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25369U683408 | Wells Fargo |

| | | | | |
|---|---|---|---|---|
| 29,000.00 | 2009 | Utility | 1UYVS25389U683409 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25349U683410 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25359U683416 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25379U683417 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25399U683418 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25309U683419 | Wells Fargo |
| 29,000.00 | 2009 | Utility | 1UYVS25379U683420 | Wells Fargo |

<u>SCHEDULE 4(c)</u>

BILL OF SALE

**KNOW ALL BY THESE PRESENTS**, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, GLW Equipment Leasing, LLC, a _____ limited liability company ("Seller"), hereby sells to _____, a _____ ("Buyer"), those certain items of equipment listed and described in <u>Exhibit A</u> attached hereto and hereby made a part hereof (the "Property").

This Bill of Sale is made and given under the terms of a certain Equipment Purchase Agreement of even date herewith by and between Buyer and Seller (the "Agreement"). Nothing contained in this Bill of Sale modifies, amends, limits, or expands any provision of the Agreement. In the event of any ambiguity or conflict between the terms of this Bill of Sale and the Agreement, the terms of the Agreement will control.

Dated: _____ *11 5*, 2013

GLW Equipment Leasing, LLC

By: *Warren Cadwallader*

Its *Member*

## EQUIPMENT PURCHASE AGREEMENT

**THIS AGREEMENT** is made and entered into as of the _1_ day of _November_, 2013 by and between GLW Equipment Leasing, LLC, a Minnesota limited liability company ("Seller"), and _Inland Kenworth US In US Corp_ ("Buyer").

### WITNESSETH:

**WHEREAS**, Seller desires to sell to Buyer, and Buyer desires to purchase from Seller, those certain items of equipment (the "Equipment") listed and described in **Exhibit A** attached hereto and hereby made a part hereof (the "Equipment Schedule");

**WHEREAS**, Seller is operating as a debtor in possession in chapter 11 proceedings pending in the United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court"), Case No. 13-45024 and will promptly seek Bankruptcy Court authorization to enter into and promptly close the sale of Equipment as provided herein;

**WHEREAS**, Buyer has inspected some but not all of the Equipment and shall continue to conduct Equipment inspections to be concluded on or before November 20, 2013;

**NOW, THEREFORE**, pursuant to the foregoing recital, which is an integral part hereof, and in consideration of the mutual covenants contained herein, the sufficiency of which is hereby acknowledged, Buyer and Seller (the "Parties") hereby agree as follows.

1.    **PURCHASE AND SALE.**   Subject to the terms and upon the conditions contained in this Agreement, Seller will sell the Equipment to Buyer, and Buyer will purchase the Equipment from Seller.

2.    **PURCHASE PRICE.**

    a.    The purchase price as and for each unit of Equipment hereunder is as set forth in the Equipment Schedule (the "Purchase Price").

    b.    Buyer will pay the Purchase Price to Seller in cash or other immediately available funds at the Closing (as that term is defined below).

    c.    For any and all purposes, the Purchase Price will be allocated among the Equipment in the manner shown in the Equipment Schedule.

3.    **INSPECTION CONTINGENCY.**   On or before November 20, 2013, Buyer may, in its sole and absolute discretion, withdraw its offer to purchase some or all of the Equipment.  Seller shall make Equipment available to Buyer for inspection during normal business hours through November 20, 2013.  On or before November 20, 2013, Buyer shall designate by written notice to Seller any Equipment to be removed from the Equipment Schedule.

4.    **CLOSING.**

    a.    The closing (the "Closing") of the purchase and sale of the Equipment hereunder will occur thirty (30) days after the date of this Agreement (the "Closing Date").  Except as Buyer and Seller may otherwise agree in writing, the Closing will be performed via electronic mail, electronic funds transfer, facsimile, and/or overnight courier. Notwithstanding the actual date(s) on which documents required for the Closing are signed and exchanged, or the time(s) of day on such date(s), the effective time of the Closing will be 12:01 a.m. local time in Minneapolis, Minnesota, on the Closing Date.

{00167283 }

b.  This Agreement is subject to and shall become effective only upon entry of an by the Bankruptcy Court authorizing the sale of the Equipment to Buyer, free and clear of interests pursuant to 11 U.S.C. § 363(f) (the "Sale Order"). If the Sale Order is not entered before the Closing Date, the Closing will occur as soon as possible after the Sale Order is entered, with a target date for the Closing no later than November 30, 2013 (the "Outside Closing Date"). If the Closing has not occurred by the Outside Closing Date, this Agreement will terminate and each of Buyer and Seller will be responsible for its own pre-termination costs.

c.  At the Closing, Seller will deliver to Buyer (i) possession of all of the Equipment, (ii) a Bill of Sale concerning the Equipment, which Bill of Sale will be in the form of **Schedule 4(c)** attached hereto and hereby made a part hereof, and (iii) any and all available certificates of title for the Equipment, properly endorsed for transfer.

5.  **AS-IS, WHERE IS CONDITON**. Seller is selling the Equipment to Buyer, and Buyer is purchasing the "Equipment" from Seller on an "as-is", "where is", "with all faults" basis, and Seller is not making, and hereby disclaims, any representations or warranties whatsoever relating to the Equipment, including, without limitation, any representation or warranty regarding the condition of the Equipment, the functionality or usability of the Equipment, title to the Equipment, or the value of the Equipment.

6.  **TRANSACTION COSTS**.  Each of the Parties will bear and pay those costs and expenses incurred by it or on its behalf in connection with the transactions described herein, including, without limitation, attorneys' and accountants' fees, without contribution from the other Party.

7.  **NOTICES**.  All notices, offers, requests or other communications from any of the Parties to another Party will be in writing and will be considered to have been duly delivered or served if personally delivered, delivered by overnight courier, or sent by first class certified mail, return receipt requested, postage prepaid, to the proper Party at its address as set forth below or to such other address as such Party may hereafter designate by written notice to the other Parties:

If to Seller, to:

GLW Equipment Leasing, LLC
10078 Landers Court NE, Suite 130
Blaine, MN 55449
Attn:  Warren Cadwallader

With a copy to:

Ravich Meyer Kirkman McGrath Nauman & Tansey, P.A.
Attn: Michael F. McGrath, Esq.
4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

If to Buyer, to:

Inland Kenworth
9730 Cherry Ave
Fontana Calif 92335
Attn: Rob Zeppenfeldt

With a copy to:

_N/A_____

Attn: _____, Esq.

_____

_____

8.   **NO THIRD PARTY BENEFICIARIES.**  This Agreement is a contract solely between Buyer and Seller.  No third party beneficiaries (including, without limitation, employees and customers of Seller) are intended hereunder and none will be inferred herein.

9.   **BENEFIT.**  This Agreement will inure to the benefit of and will be binding upon each of the Parties and their respective successors and assigns.

10.  **HEADINGS.**  Section headings have been used in this Agreement for convenience purposes only.  In no manner will any section heading in this Agreement limit any term or provision of the section to which it relates.

11.  **WAIVER.**  No waiver, modification or amendment of any term, condition or provision of this Agreement will be valid, binding or of any effect unless made in writing, signed by the Party(ies) to be bound thereby or its(their) duly authorized representative(s) and specifying with particularity the nature and extent of that waiver, modification or amendment.  No waiver by any Party of any provision hereof will affect or impair any other provision hereof.

12.  **ENTIRE AGREEMENT.**  This Agreement (inclusive of the Equipment Schedule) contains the entire understanding of the Parties with respect to the subject matter addressed herein and supersedes all prior agreements, discussions, negotiations and understandings between the Parties with respect to subject matter.

13.  **INTERPRETATION AND SEVERANCE.**  The provisions of this Agreement will be applied and interpreted in a manner consistent with each other so as to carry out the purposes and intent of the Parties.  If, for any reason, any provision of this Agreement is determined to be unenforceable or invalid, that provision (or such part thereof as may be unenforceable or invalid) will be deemed severed from this Agreement, and the remaining provisions of this Agreement will be carried out with the same force and effect as if that provision (or such part thereof) had not been a part of this Agreement.

14.  **COUNTERPARTS.**  This Agreement may be executed in counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument.  This Agreement may be executed and delivered by facsimile or electronic image transmission and any such facsimile or electronic image execution and delivery will have the same force and effect as delivery of an original document with original signatures.

15.  **GOVERNING LAW.**  This Agreement will be construed and enforced in accordance with the laws of the State of Minnesota (without regard to the laws of any jurisdiction that concern conflicts of laws).  Any proceeding relating to the interpretation or enforcement of this Agreement will be brought in state or federal courts located in the State of Minnesota and, in that connection, each of the Parties hereby consents and submits to the jurisdiction of such courts.

**THE REMAINDER OF THIS PAGE IS BLANK**

**SEPARATE SIGNATURE PAGES FOLLOW**

{00167283 }

**SIGNATURE PAGE TO EQUIPMENT PURCHASE AGREEMENT**

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the day and year first above written.

SELLER:                                BUYER:

**GLW Equipment Leasing, LLC**         Inland Kenworth US Inc

By: _____           By: Bob Zeppenfelt

Its _Member_                           Its UED Truck Mgr of Calif

{00167283 }                            4

| | Date Receive | Lender | VIN # | Year | Make | Model | Color | Miles | Value | Tires | Repairs | $ to pay | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 10/22/2013 | Paccar | 295745 | 2012 | KW | T660 | Blue | 334129 | $82,500.00 | $1,500.00 | $650.00 | $80,350.00 | |
| 2 | 10/22/2013 | Paccar | 295097 | 2011 | KW | T660 | Red | 343854 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 3 | 10/22/2013 | Paccar | 295720 | 2012 | KW | T660 | Red | 346518 | $82,500.00 | $1,500.00 | $650.00 | $80,350.00 | |
| 4 | 10/22/2013 | Cat | 295724 | 2012 | KW | T660 | Blue | 368987 | $80,000.00 | $1,500.00 | $650.00 | $77,850.00 | |
| 5 | 10/22/2013 | Paccar | 295118 | 2011 | KW | T660 | Gold | 298633 | $83,500.00 | $1,500.00 | $650.00 | $81,350.00 | |
| 6 | 10/22/2013 | Cat | 295112 | 2011 | KW | T660 | Blue | 414668 | $74,016.60 | $1,500.00 | $650.00 | $71,866.60 | |
| 7 | 10/22/2013 | GE | 295099 | 2011 | KW | T660 | Red | 345116 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 8 | 10/22/2013 | Paccar | 295100 | 2011 | KW | T660 | Grey | 349514 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 9 | 10/23/2013 | Paccar | 295744 | 2012 | KW | T660 | Blue | 361086 | $80,000.00 | $1,500.00 | $650.00 | $77,850.00 | |
| 10 | 10/23/2013 | GE | 295725 | 2012 | KW | T660 | Blue | 342634 | $82,500.00 | $1,500.00 | $650.00 | $80,350.00 | |
| 11 | 10/23/2013 | GE | 295096 | 2011 | KW | T660 | Tan | 321477 | $81,000.00 | $1,500.00 | $650.00 | $78,850.00 | |
| 12 | 10/23/2013 | Paccar | 295715 | 2012 | KW | T660 | Blue | 329805 | $82,500.00 | $1,500.00 | $650.00 | $80,350.00 | |
| 13 | 10/14/2013 | Paccar | 295716 | 2012 | KW | T660 | Purple | 324185 | $85,000.00 | $1,500.00 | $650.00 | $82,850.00 | |
| 14 | 10/14/2013 | Cat | 295104 | 2011 | KW | T660 | Lt Purple | 338645 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 15 | 10/14/2013 | Paccar | 295116 | 2011 | KW | T660 | White | 265866 | $86,000.00 | $1,500.00 | $650.00 | $83,850.00 | |
| 16 | 10/14/2013 | Paccar | 295111 | 2011 | KW | T660 | Grey | 334343 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 17 | 10/28/2013 | Paccar | 295114 | 2011 | KW | T660 | Purple | 316466 | $81,000.00 | $1,500.00 | $650.00 | $78,850.00 | |
| 18 | 10/28/2013 | GE | 295102 | 2011 | KW | T660 | Blue | 353162 | $76,000.00 | $1,500.00 | $650.00 | $73,850.00 | |
| 19 | 10/28/2013 | Paccar | 295106 | 2011 | KW | T660 | Black | 348138 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 20 | 10/28/2013 | CAT | 295117 | 2011 | KW | T660 | Black | 338394 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 21 | 10/28/2013 | CAT | 295119 | 2011 | KW | T660 | Red | 303326 | $81,000.00 | $1,500.00 | $650.00 | $78,850.00 | |
| 22 | 10/29/2013 | CAT | 295115 | 2011 | KW | T660 | Lavander | 340770 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 23 | 10/19/2013 | Paccar | 295733 | 2012 | KW | T660 | Grey | 384026 | $79,548.70 | $1,500.00 | $650.00 | $77,398.70 | |
| 24 | 10/19/2013 | GE | 295103 | 2011 | KW | T660 | Purple | 362463 | $76,000.00 | $1,500.00 | $650.00 | $73,850.00 | |
| 25 | 10/19/2013 | Cat | 295113 | 2011 | KW | T660 | Blue | 343365 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 26 | 10/30/2013 | GE | 295095 | 2011 | KW | T660 | Black | 292516 | $83,500.00 | $1,500.00 | $650.00 | $81,350.00 | |
| 27 | 11/1/2013 | Paccar | 295109 | 2011 | KW | T660 | Red | 325590 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 28 | 11/1/2013 | Cat | 295721 | 2012 | KW | T660 | Red | 443429 | $76,578.56 | $1,500.00 | $650.00 | $74,428.56 | |
| 29 | 11/1/2013 | Paccar | 295107 | 2011 | KW | T660 | Tan | 345157 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | |
| 30 | 11/2/2013 | Paccar | 295743 | 2012 | KW | T660 | Gray | 354783 | $80,000.00 | $1,500.00 | $650.00 | $77,850.00 | |
| 31 | 11/2/2013 | Paccar | 295108 | 2011 | KW | T660 | Burg | 324612 | $81,000.00 | $1,500.00 | $650.00 | $78,850.00 | |
| 32 | 11/2/2013 | GE | 295741 | 2012 | KW | T660 | Red | 337612 | $82,500.00 | $1,500.00 | $650.00 | $80,350.00 | |
| 33 | 11/2/2013 | Paccar | 295110 | 2011 | KW | T660 | Burg | 298891 | $83,500.00 | $1,500.00 | $650.00 | $81,350.00 | |

| 34 | 11/2/2013 | Paccar | 295711 | 2012 | KW | T660 | Red | 362064 | $80,000.00 | $1,500.00 | $650.00 | $77,850.00 | |
| 35 | 11/2/2013 | CAT | 295094 | 2011 | KW | T660 | White | 357150 | $76,000.00 | $1,500.00 | $650.00 | $73,850.00 | |
| 36 | 11/4/2013 | Paccar | 295098 | 2011 | KW | T660 | Red | 350784 | $76,000.00 | $1,500.00 | $650.00 | $73,850.00 | |
| 37 | 11/4/2013 | GE | 295101 | 2011 | KW | T660 | Blue | 345986 | $78,500.00 | $1,500.00 | $650.00 | $76,350.00 | Odometer Reads 114,192 ECM Reads 345,986 |
| 38 | 11/5/2013 | Paccar | 295105 | 2011 | KW | T660 | | 463672 | $71,566.40 | $1,500.00 | $650.00 | $69,416.40 | |
| 39 | 11/5/2013 | CAT | 295722 | 2012 | KW | T660 | | 348324 | $82,500.00 | $1,500.00 | $650.00 | $80,350.00 | |
| 40 | 11/5/2013 | Paccar | 295712 | 2012 | KW | T660 | | 347517 | $82,500.00 | $1,500.00 | $650.00 | $80,350.00 | |
| 41 | 11/5/2013 | Paccar | 295714 | 2012 | KW | T660 | | 341761 | $82,500.00 | $1,500.00 | $650.00 | $80,350.00 | |
| 42 | | | | | | | | | | | | | |
| 43 | | | | | | | | | | | | | |
| 44 | | | | | | | | | | | | | |
| 45 | | | | | | | | | | | | | |
| | | | | | | | | Total | | | | $3,185,060.26 | |

Seller
GLW Equiptment Lease

*Warren Cadwallader* (signature)

Signature

Warren Cadwallader
Printed Name

Member
Title

11-1-2013
Date

Purchaser
Island Kenworth (US) Inc

*Bob Zeppenfeldt* (signature)

Signature

Bob Zeppenfeldt
Printed Name

USED Truck of Calif
Title

11-1-2013
Date

## SCHEDULE 4(c)

**BILL OF SALE**

**KNOW ALL BY THESE PRESENTS**, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, GLW Equipment Leasing, LLC, a _____ limited liability company ("Seller"), hereby sells to *Inland Kenworth US In      US Corp)* ("Buyer"), those certain items of equipment listed and described in **Exhibit A** attached hereto and hereby made a part hereof (the "Property").

This Bill of Sale is made and given under the terms of a certain Equipment Purchase Agreement of even date herewith by and between Buyer and Seller (the "Agreement"). Nothing contained in this Bill of Sale modifies, amends, limits, or expands any provision of the Agreement. In the event of any ambiguity or conflict between the terms of this Bill of Sale and the Agreement, the terms of the Agreement will control.


Dated: _____, 2013


GLW Equipment Leasing, LLC

By: *Warren Cadwallader*

Its *Member*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                              Case No. 13-44202

GLW EQUIPMENT LEASING, LLC,                         Chapter 11

    Debtor.

**MEMORANDUM OF LAW**

The Debtor submits this Memorandum in support of its Motion For Authority to Sell

Certain Tractor Trucks and Tractor Trailers, Free and Clear of Interests, outside the ordinary

course of business, pursuant to Bankruptcy Code §363 (the "Motion"). The factual support for

this memorandum is set forth in the Motion and incorporated herein. All capitalized terms not

defined herein are used in accordance with the definitions given in the Motion.

### LEGAL ARGUMENT

**A. Sales Outside the Ordinary Course of Business**

Section 363 of the Bankruptcy Code provides that the Debtor "after notice and a hearing,

may use, sell or lease, other than in the ordinary course of business, property of the estate." 11

U.S.C. § 363(b). To approve the use, sale or lease of property outside the ordinary course of

business, this court need only determine that the Debtor's decision is supported by "some

articulated business justification." *See, e.g.*, *Fulton State Bank v. Schipper*, 933 F.2d 513, 515

(7th Cir. 1991). Once the debtor articulates a valid business justification "[t]he business

judgment rule 'is a presumption that in making a business decision the directors of a corporation

acted on an informed basis, in good faith and in the honest belief that the action was in the best

interests of the company.'" *In re S.N.A. Nut Co.*, 186 B.R. 98 (Bankr. N.D. Ill. 1995). When

{00166790 }

applying the "business judgment" rule, courts show great deference to the debtor's decision-making. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981). Accordingly, this Court should grant the relief requested in this Motion if the Debtor demonstrates a sound business justification for its decision to sell the Parked Equipment. *See Schipper*, 933 F.2d at 515.

As described in the Motion, GLW has a sound business justification for selling the Parked Equipment. The Parked Equipment is underutilized and a financial drain on the Debtor's and WST in its trucking operations. Disposition of Parked Equipment is an essential cost-saving strategy necessary to achieve a viable reorganization of the Debtors.

### B.  Sales Free and Clear of Liens, Claims and Interests

Under section 363(f) of the Bankruptcy Code, a debtor in possession may sell property free and clear of any lien, claim, or interest in such property if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interests is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property; (4) such interests is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. §363(f).

Because section 363(f) is drafted in the disjunctive, the Debtor's satisfaction of any one of its five requirements will be sufficient to permit the sale of the Parked Equipment free and clear of the interests identified in the Motion. Upon information and belief that the Lenders support the proposed Sale, and that GLW is reasonably confident that it will obtain any necessary consent on or before the Sale Hearing, GLW satisfies the requirement of  section 363(f)(2).

Alternatively, if consent is not obtained, GLW may sell free and clear pursuant to

2

section 363(f)(3). Section 363(f)(3) permits a debtor-in-possession to sell property free and clear

of any lien if the price at which "such property is to be sold is greater than the aggregate value

of all liens on such property." 11 U.S.C. § 363(f)(3). As discussed in the Motion, the price to be

paid for the Parked Equipment exceeds the value of the Lenders' liens. GLW therefore satisfies

the requirement of section 363(f)(3).

### CONCLUSION

Debtor respectfully requests that the Court enter an order authorizing the sale of the

Parked Equipment free and clear of interests, authorizing the Debtor to pay the proceeds of sale

to the Lenders, and granting such further relief as the Court deems just and equitable.


Dated: November 5, 2013                    RAVICH MEYER KIRKMAN McGRATH
                                           NAUMAN & TANSEY,
                                           A PROFESSIONAL ASSOCIATION

                                           By /e/ Michael F. McGrath #168610
                                                  Will R. Tansey #323056
                                                  Michael D. Howard #391164

                                           4545 IDS Center
                                           80 South Eighth Street
                                           Minneapolis, MN 55402
                                           Telephone:    (612) 332-8511
                                           Facsimile:    (612) 332-8302

                                           ATTORNEYS FOR DEBTOR

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                              Case No. 13-44202

GLW EQUIPMENT LEASING, LLC,                          Chapter 11

      Debtor.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

      I, Michael F. McGrath, declare under penalty of perjury that on November 6, 2013, copies of the attached:

1.      Notice of Hearing and Motion for Authority to Sell Certain Tractor Trucks and Tractor Trailers, Free and Clear of Interests;

2.      Memorandum of Law; and

3.      Proposed Order Approving Sale;

were served by sending to each party a copy thereof as noted on the attached Service List.

Executed on: November 6, 2013                    /e/   Michael F. McGrath, #168610

{00167764  }

GLW EQUIPMENT LEASING, LLC
CASE NO. 13-44202

ELECTRONIC
WARREN CADWALLADER
GLW EQUIPMENT LEASING, LLC
10078 LANDERS COURT NE
BLAINE, MN 55449

ELECTRONIC
MICHAEL R. FADLOVICH
OFFICE OF US TRUSTEE
1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

IRS DISTRICT COUNSEL
380 JACKSON STREET, SUITE 650
ST. PAUL, MN 55101-4804

INTERNAL REVENUE SERVICE
WELLS FARGO PLACE
30 E. SEVENTH STREET
MAIL STOP 5700
ST. PAUL, MN 55101

MN DEPARTMENT OF REVENUE
COLLECTION DIV BANKRUPTCY SECTION
551 BANKRUPTCY SECTION
PO BOX 64447
ST. PAUL, MN 55164-0447

US ATTORNEY
600 US COURTHOUSE
300 S. FOURTH STREET
MINNEAPOLIS, MN 55415

ELECTRONIC
ALL WHEELS, INC.
C/O MICHAEL S. DOVE, ESQ.
GISLASON & HUNTER LLP
PO BOX 458
NEW ULM, MN 56073-0458

ELECTRONIC
CAPITAL ONE, N.A.
ATTN: PAMELA V. HANSEN
VP & ASSISTANT GENERAL COUNSEL
LEGAL DEPT
201 ST. CHARLES AVENUE, 26TH FL
NEW ORLEANS, LA 70170

ELECTRONIC
CATERPILLAR FINANCIAL SERVICES CORP.
C/O MONICA CLARK, ESQ
50 S. SIXTH STREET, SUITE 1500
MINNEAPOLIS, MN 55402-1498

ELECTRONIC
CATERPILLAR FINANCIAL SERVICES CORP.
C/O ELIZABETH HULSEBOS, ESQ.
50 S. SIXTH STREET, SUITE 1500
MINNEAPOLIS, MN 55402-1498

ELECTRONIC
CATERPILLAR FINANCIAL SERVICES CORP.
ATTN MONICA BUENO
LEGAL SERVICES
2120 W END AVENUE
NASHVILLE, TN 37203

ELECTRONIC
CROSSROADS EQUIPMENT LEASE &
FINANCE
ATTN: CECILIA ROJAS
9121 HAVEN AVENUE, SUITE 270
RANCHO CUCAMONGA, CA 91730

ELECTRONIC
CROSSROADS EQUIPMENT LEASE & FINANCE
C/O TED CUNDICK, ESQ.
PRINCE YEATES
15 W SOUTH TEMPLE, STE 1700
SALT LAKE CITY, UT 84101

ELECTRONIC
CROSSROADS EQUIPMENT LEASE & FINANCE
C/O LARA O. GLAESMAN, ESQ.
LEONARD STREET AND DEINARD PA
150 SOUTH FIFTH STREET, STE 2300
MINNEAPOLIS, MN 55402

ELECTRONIC
CROSSROADS EQUIPMENT LEASE & FINANCE
C/O PHILLIP J. ASHFIELD, ESQ.
LEONARD STREET AND DEINARD PA
150 SOUTH FIFTH STREET, STE 2300
MINNEAPOLIS, MN 55402

ELECTRONIC
GENERAL ELECTRIC CAPITAL CORP
C/O THOMAS LALLIER, ESQ.
FOLEY & MANSFIELD PLLP
250 MARQUETTE AVENUE, SUITE 1200
MINNEAPOLIS, MN 55401

ELECTRONIC
GENERAL ELECTRIC CAPITAL CORP
C/O JOHN C. THOMAS, ESQ.
FOLEY & MANSFIELD PLLP
250 MARQUETTE AVENUE, SUITE 1200
MINNEAPOLIS, MN 55401

ELECTRONIC
PACCAR FINANCIAL CORP.
C/O WILLIAM J. FISHER, ESQ.
GRAY PLANT MOOTY
80 S EIGHTH STREET, SUITE 500
MINNEAPOLIS, MN 55402

ELECTRONIC
TRANS LEASE INC.
C/O RICHARD D. ANDERSON, ESQ.
BRIGGS AND MORGAN
80 S EIGHTH STREET, SUITE 2200
MINNEAPOLIS, MN 55402

ELECTRONIC
TRANS LEASE INC.
C/O BENJAMIN E. GURSTELLE, ESQ.
BRIGGS AND MORGAN
80 S EIGHTH STREET, SUITE 2200
MINNEAPOLIS, MN 55402

ELECTRONIC
TRANS LEASE INC.
C/O JAMES T. BURGHARDT
MOYE WHITE LLP
16 MARKET SQUARE, 6TH FL
1400 16TH STREET
DENVER, CO 80202-1486

ELECTRONIC
VOLVO FINANCIAL SERVICES
C/O CAREN W. STANLEY, ESQ.
218 NP AVENUE
PO BOX 1389
FARGO, ND 58107-1389

ELECTRONIC
WELLS FARGO EQUIPMENT FINANCE INC.
C/O GREGORY M. ERICKSON, ESQ.
MOHRMAN & KAARDAL, P.A.
33 S. SIXTH STREET, SUITE 4100
MINNEAPOLIS, MN 55402

ELECTRONIC
WELLS FARGO EQUIPMENT FINANCE INC.
C/O JAMES R. MAGNUSON, ESQ.
MOHRMAN & KAARDAL, P.A.
33 S. SIXTH STREET, SUITE 4100
MINNEAPOLIS, MN 55402

ELECTRONIC
BANC OF AMERICA LEASING & CAPITAL LLC
C/O JANE S. WELCH, ESQ.
MORRISON SUND PLLC
5125 COUNTY RD 101, SUITE 200
MINNETONKA, MN 55345

ELECTRONIC
TCF EQUIPMENT FINANCE, INC.
C/O STEVEN W. MEYER, ESQ.
OPPENHEIMER WOLFF & DONNELLY LLP
222 S. NINTH STREET, SUITE 2000
MINNEAPOLIS, MN 55402

ELECTRONIC
INLAND KENWORTH US INC.
ATTN: BOB ZEPPENFELDT
9730 CHERRY AVE
FONTANA, CA 92335

ELECTRONIC
UTILITY TRAILER SALES OF SOUTHERN
CALIFORNIA, LLC
ATTN: RALPH THRASHER
15567 VALLEY BLVD
FONTANA, CA 92335

CATERPILLAR FINANCIAL SERVICES CORP.
ATTN: OFFICER, MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2120 W END AVENUE
NASHVILLE, TN 37203

GENERAL ELECTRIC CAPITAL CORP
ATTN: OFFICER, MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
300 E CARPENTER FREEWAY, SUITE 204
IRVING, TX 75062

PACCAR
ATTN: OFFICER, MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
1901 N ROSELLE RD, SUITE 900
SCHAUMBURG, IL 60195

CROSSROADS EQUIPMENT LEASE & FINANCE
ATTN: OFFICER, MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
9121 HAVEN AVE, SUITE 270
RANCHO CUCAMONGA, CA 91730

VOLVO FINANCIAL SERVICES
ATTN: OFFICER, MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7025 ALBERT PICK RD, SUITE 105
GREENSBORO, NC 27409

WELLS FARGO EQUIPMENT FINANCE, INC.
ATTN: OFFICER, MANAGING OR GENERAL AGENT OR
OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
733 MARQUETTE AVE, SUITE 700
MINNEAPOLIS, MN 55402

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    Case No. 13-44202

GLW EQUIPMENT LEASING, LLC,                               Chapter 11

     Debtor.

## ORDER APPROVING SALE

This matter came before the Court on Debtor's Motion For Authority to Sell Certain Tractor Trucks and Tractor Trailers, Free and Clear of Interests (the "Motion"). The court having reviewed the documents and pleadings on file with the court,

**IT IS ORDERED**:

1.      Debtor is authorized to sell the Parked Equipment, as described in **Exhibit A** to the Motion, for the prices and on the terms set forth in **Exhibit A** to the Motion.

2.      The proceeds of the sale shall be subject to the Lenders' liens and Debtor is authorized and directed to pay the proceeds to the Lender with a lien in the proceeds.

3.      Notwithstanding Fed. R. Bankr. P. 6004(h), this order is effective immediately.


Dated:

                                         Michael E. Ridgway
                                         United States Bankruptcy Court

{00166787  }